UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
CALIFORNIA FARM BUREAU                              )
FEDERATION, et al.,                                 )
                                                    )
                         Plaintiffs,                )
          v.                                        )          Civil Action No. 02-2328 (RCL)
                                                    )
ANNE BADGLEY, in her official capacity              )
as Regional Director of the United States           )
Fish and Wildlife Service, Region 1, et al.,        )
                                                    )
                         Defendants,                )
                                                    )
          and,                                      )
                                                    )
NATURAL RESOURCES DEFENSE                           )
COUNCIL, et al.,                                    )
                                                    )
                  Intervenor-Defendants.            )
_____)

## MEMORANDUM OPINION AND ORDER

Plaintiffs, a California non-profit and a California farmer, challenge how the Fish and

Wildlife Service and the Department of Interior ("Interior") have regulated the Delta Smelt, a

small fish whose primary habitat is a river delta in California.  A similar lawsuit pends in the

Eastern District of California.  Before the court is Interior's motion [38] to transfer this case to

the Eastern District of California.  After consideration of the motion to transfer, the opposition,[1]

_____

[1]Along with their opposition, plaintiffs submitted a ream of documents and filed a motion
[43] requesting the court to take judicial notice of facts contained in those documents.  Courts
only take judicial notice of facts when they are "straightforward and easy to ascertain."
Weinstein v. Islamic Republic of Iran, 175 F. Supp. 2d 13, 16 (D.D.C. 2001).  To the extent the
court uses plaintiffs' documents – the court relies on the case load statistics for the D.C. and
California district courts presented in Exhibit 9 and cited by the parties – the motion will be
granted.  As to the remainder of the ream of documents, the motion will be denied.

1

reply, supplemental opposition, and supplemental reply thereto, the court will grant the motion to transfer.

The statute permitting transfer, 28 U.S.C. § 1404(a), states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have broad discretion to grant or deny parties' requests for transfer; however, that discretion is not untrammeled. In re Scott, 709 F.2d 717, 719 (D.C. Cir. 1992). The grant or denial must be "according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988) (internal quotations omitted). But even before a district court may exercise its discretion, the transfer statute requires the district court to ascertain whether the receiving court would be a place of proper venue. Id. at 720; Trout Unlimited v. Dep't of Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996).

In this case, there is no dispute that the District of Columbia, the present forum, and the Eastern District of California, Interior's requested forum, would both be proper venues for this case. See 1391(e)(1)-(3). Therefore, this court is left to consider the conveniences and interests of justice. Courts often use public and private interest factors to guide its consideration.

> The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

The Wilderness Soc. v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). Not included within

these factors, but of great  importance, is whether transfer will prevent duplicitous litigation.  See

e.g., Vencor Nusring Co. v. Shalala, 63 F. Supp. 2d 1, 6 (D.D.C. 1999).   The Supreme Court has

noted that:  "To permit a situation in which two cases involving precisely the same issues are

simultaneously pending in different District Courts leads to the wastefulness of time, energy and

money that s 1404(a) was designed to prevent."  Continental Grain Co. v. The FBL-585, 364

U.S. 19, 26 (1960).

Making reference to these factors, Interior argues that transfer is appropriate to the

Eastern District of California because nearly identical litigation is pending in that district, the

litigation concerns a natural resource located in that district, the plaintiff resides in that district,

and many of the key Interior employees are located within that district.  Plaintiffs maintain that

D.C. should remain the site of this case, because a plaintiff's choice of forum deserves deference,

the two cases are not identical enough[2] and D.C. Interior officials were involved in the acts being

litigated, thus creating a legal dispute of national significance.  Considering all the facts and

factors, the court finds that transfer is proper.


**Two Actions**

On September 5, 2002, D.C. plaintiffs and California plaintiffs authored a joint notice-of-

suit letter to Interior.  On the same day, November 22, 2002, plaintiffs filed their respective suits

in California and D.C.  Plaintiffs in both suits challenge Interior's continued listing of the Delta

Smelt as a threatened species.  Both suits challenge Interior's recovery criteria and the results of

---

[2]Plaintiff, in their memorandum opposing transfer, noted that California plaintiffs had not
yet amended their complaint to challenge the five-year review.  The May 23 joint status report
demonstrates that the California complaint now makes this challenge.

Interior's five-year review[3] and involve apparently identical issues of law and fact.  (Cal. Compl. at 10-12; D.C. Compl. at 12-16.; D.C. Supp. Compl.; Joint Status Conference Statement of May 23, 2005 in Civ. A. 02-6461 (OWW), at 2.)   Currently, activity in the California case has been stayed pending resolution of the transfer motion before this court.

Allowing these two suits to proceed unconsolidated in separate districts would "lead[] to the wastefulness of time, energy and money that s 1404(a) was designed to prevent."  Continental Grain Co., 364 U.S. at 26.  Not only would discovery, motions practice, and trial be duplicated, but there would be a significant risk that this court and the California court would issue inconsistent orders subjecting Interior to inconsistent obligations.  Such considerations weigh heavily in favor of transfer.  See Vencor Nursing Ctrs., 63 F. Supp.2d at 6; Hawksbill Sea Turtle v. FEMA, 939 F. Supp. 1, 3 (D.D.C. 1996); 15 Charles A. Wright, Arthur R. Miller & E. Cooper, Federal Practice and Procedure § 3854 (noting that such considerations should be given "great weight" and that the interest of justice "may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction."); cf. Greater Yellowstone Coalition v. Bosworth, 180 F. Supp. 2d 124, 129-130 (D.D.C. 2001) (noting that a "pending related action in a transferee forum," if present, "could support a decision to transfer a case to that forum").

---

[3]At first, both plaintiffs' suits sought to compel Interior to prepare a five-year review as required by Section 4(c)(2) of the Endangered Species Act.  In 2003, Interior agreed to perform the five-year review and the lawsuits were stayed.  Interior completed its review on March 31, 2004 and plaintiffs moved to reopen the lawsuits.

**Choice of Forum**

Ordinarily, plaintiff's choice of forum is accorded substantial deference in the venue analysis; however, "substantially less deference is warranted when the forum preferred by the plaintiff is not his home forum," <u>Pyrocap Int'l Corp. v. Ford Motor Co.</u>, 259 F. Supp. 2d 92, 95 (D.D.C. 2003) (citing <u>Gemological Inst. of Am., Inc. v. Thi-Dai Phan</u>, 145 F. Supp. 2d 68, 71 (D.D.C. 2001); <u>DeLoach v. Philip Morris Co.</u>, 132 F. Supp. 2d 22, 24 (D.D.C.2000)), and when the forum has "no factual nexus to the case." <u>Hawksbill Sea Turtle</u>, 939 F. Supp. at 3.

On one hand, plaintiffs have established a factual nexus to the District. They cite communications of an Assistant Secretary and a Deputy Assistant Secretary and other D.C.-based Interior officials that address Interior's handling of the Delta Smelt. This entitles plaintiff's forum choice to some deference. <u>See e.g.</u>, <u>Greater Yellowstone</u>, 180 F. Supp. 2d at 128-29. On the other hand, plaintiffs are California residents who have sued in the District of Columbia even though "neither reside in, nor have any substantial connection to" the District. <u>DeLoach</u>, 132 F. Supp. 2d at 24; <u>cf.</u> <u>Greater Yellowstone</u>, 180 F. Supp. 2d at 129. On this basis, the level of deference owed to plaintiff's choice is substantially diminished. This lower level of deference is also supported by the fact that the Delta Smelt dispute relates to actions taken by Interior officials within the Eastern District of California and involves more closely the interests of Californians like plaintiffs than residents of D.C. <u>Cf.</u> <u>Trout</u>, 944 F. Supp. 17 (noting that defendants are more likely to win transfer when plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to [the transferee district]).

According plaintiffs' forum choice a low level of deference, the court concludes that the plaintiffs' interest in continuing this litigation in their forum of choice, D.C., does not outweigh

the important interest of justice to have a single, efficient resolution of the Delta Smelt issues in one court.

**Other considerations**

No other considerations persuade the court that transfer is inappropriate.  First, though the Eastern District of California has a heavier caseload, it disposes cases more quickly than the District of Columbia.  (Pl. Exh. 9.)  Accordingly, there is no reason to believe that a transfer would interfere with the timely administration of justice.  Second, as to other matters of convenience, such as the ease of access to sources of proof or witnesses, it appears that neither forum presents a problem for either party.

**Conclusion**

The court will grant Interior's motion to transfer.  Therefore, it is hereby

ORDERED that plaintiffs' motion [43] for judicial notice is GRANTED IN PART and DENIED IN PART

ORDERED that Interior's motion [38] to transfer is GRANTED;

ORDERED that the clerk of court transfer this case to the Eastern District of California.

ORDERED that the lone outstanding motion, plaintiffs' motion [35] for attorney fees related for work related to the now-settled Count One, is DENIED WITHOUT PREJUDICE. No judgment has been entered herein.  Moreover, plaintiff does not seek an interim award; this is a motion for a final determination.  The motion is premature at this time; the transferee court can address attorney fees in the ordinary course at the conclusion of this litigation.

6

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, June 29, 2005.